UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN LEE RIVES,<br><br>   Plaintiff,<br><br>v.<br><br>MATEVOUSIAN, et al.,<br><br>   Defendants. | 1:17-cv-00347-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 2.) |

Plaintiff Shawn Lee Rives is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff has consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

Plaintiff initiated this action on March 9, 2017, at which time he filed a complaint. (ECF No. 1.) Plaintiff also filed a motion for the appointment of counsel on that same date. (ECF No. 2.) In support of his request, Plaintiff states that his imprisonment will limit his ability to litigate, his case is complex, and he has limited law library access and limited legal knowledge. Plaintiff further contends that counsel would better enable him to present evidence at a trial.

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern

District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Plaintiff's allegations of inadequate medical care are not exceptional, and at this early stage in the action, the Court cannot find any likelihood of success on the merits.

Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **April 14, 2017**

UNITED STATES MAGISTRATE JUDGE

2