UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN LEE RIVES,<br><br>    Plaintiff,<br><br>v.<br><br>MATEVOUSIAN, et al.,<br><br>    Defendants. | 1:17-cv-00347-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Shawn Lee Rives is a federal prisoner proceeding pro se and informa pauperis in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Currently before the Court is Plaintiff's complaint, filed March 9, 2017.

**I.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a federal prisoner and is currently housed at the Coleman I Penitentiary. Prior to be taken into custody, Plaintiff had been diagnosed with a slipped disk and folliculitis (an inflammatory condition which may be disfiguring). (Compl. 3.[1]) Plaintiff had an MRI about October 3, 2002, which confirmed a serious spinal cord injury and suffers from continued back pain. (Compl. 3-4.)

Around February 26, 2017, when Plaintiff was taken into the custody of the United States, he was housed at the United States Penitentiary in Atwater. (Compl. 1, 2-3.) Between February 26, 2017, through March 3, 2017, Plaintiff requested medical treatment more than thirty times. (Compl. 3.) Medical staff has consistently refused to provide Plaintiff with proper medical care. (Compl. 3.) The warden has refused to instruct medical staff to provide Plaintiff with proper medical care and all Federal Bureau of Prison ("FBOP") personnel have refused to ensure that

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

Plaintiff receives proper medical care. (Compl. 3.) FBOP personnel have consistently refused to obtain Plaintiff's prior medical records which include the 2002 MRI. (Compl. 4.) Plaintiff is required to walk unaided on concrete to and from the dining hall, school, etc. resulting in pain. (Compl. 4.)

Plaintiff brings this action against Warden Matevousian, Dr. Moore, unidentified FBOP staff and unidentified USP Atwater staff alleging violation of the Eighth Amendment. (Compl. 5-6.) Plaintiff is seeking a declaration that his rights have been violated, permanent injunctive relief, and monetary damages. (Compl. 6.)

For the reasons discussed below, Plaintiff has failed to allege any cognizable claims for relief. Plaintiff shall be provided with the legal standards that apply to his claim and will be granted an opportunity to file an amended complaint to cure the deficiencies in his complaint.

## III.

## DISCUSSION

### A.     Defendant Liability

Plaintiff is a prisoner in federal custody and is seeking relief pursuant to Bivens which recognized a private action where federal officers are alleged to have violated the constitutional rights of citizens. Correctional Services Corporation v. Malesko, 534 U.S. 61, 66 (2001). A Bivens action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. See FDIC v. Meyer, 510 U.S. 471, 486 (1994).

Additionally, although sovereign immunity does not bar damages actions against federal officials in their individual capacities, an individual may not be held liable in a Bivens action on the theory respondeat superior. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. In other words, to state a claim for relief, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff has failed to include any factual allegations from which the Court could reasonably infer that any named defendant violated his federal rights. Iqbal, 556 U.S. at 678-79.

3

While the court is to accept all "well pleaded factual allegations" in the complaint as true, id. at 679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action or legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555. Finally, the conclusory allegations in the complaint are not entitled to the presumption of truth. Iqbal, 556 U.S. at 681. For these reasons, Plaintiff has failed to state a cognizable for relief.

### B. Deliberate Indifference to Serious Medical Needs

Under Bivens, a plaintiff may bring suit against a federal employee alleging a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. Malesko, 534 U.S. at 67. While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1113; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

To state a claim, a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Further, "[a] difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). Rather, Plaintiff "must

show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

To state a claim under the Eighth Amendment, Plaintiff needs to set forth the factual allegations against each named defendant sufficient for the Court to infer that the named defendant was aware of Plaintiff's serious medical need and failed to adequately respond. Simmons, 609 F.3d at 1018. While a complaint should be brief, it must contain factual allegations against the named defendants. Here, Plaintiff's complaint is largely composed of vague, conclusory allegations and "[t]hreadbare recitals of the elements of a cause of action" that do not suffice to state a cognizable claim. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Joinder**

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George, 507 F.3d at 607. This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that if he chooses to amend his complaint each claim that is raised in his amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction,

occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

**D.     Equitable Relief**

1.     Declaratory Judgment

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary in this action.

2.     Injunctive Relief

Plaintiff seeks a permanent injunction requiring the defendants to cease denying him proper medical treatment. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." To the extent that Plaintiff would be able to receive a permanent injunction if he were to prevail on the merits of his claim, Plaintiff's general request for proper medical care is overly broad and does not comport with the requirements of section 3626.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit

by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed March 9, 2017, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 17, 2017**

UNITED STATES MAGISTRATE JUDGE