UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN LEE RIVES,<br><br>    Plaintiff,<br><br>v.<br><br>MATEVOUSIAN, et al.,<br><br>    Defendants. | 1:17-cv-00347-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO WITHDRAW CASE AND FOR WAIVER OF FILING FEE<br><br>(ECF No. 16) |

Plaintiff Shawn Lee Rives is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

Currently before the Court is Plaintiff's motion to withdraw this case, stating that Plaintiff seeks to have this action dismissed upon the filing of the instant motion. (ECF No. 16.)

"[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993).

"[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt. Co., Inc., 193

F.3d at 1078. In this action, no complaint has been served, no defendant has appeared, and no defendant has filed any answer or motion for summary judgment. Therefore, this action will be dismissed and the Clerk of the Court will be ordered to close this case.

Plaintiff also seeks to have the Court waive the filing fee for this action based on his voluntary dismissal, stating that he was ignorant of the law and mistakenly brought this action based on the erroneous advice of another inmate.

As set forth in the Court's order granting Plaintiff's application to proceed in forma pauperis, he is obligated to pay the statutory filing fee of $350.00 for this action, in monthly payments of twenty percent of the proceedings month's income credited to his trust account. (ECF No. 7) The fee is not discretionary. The entire $350.00 filing fee for this action is statutorily required, and must be collected from Plaintiff's institutional account, regardless of the outcome of this action and even if Plaintiff elects to voluntarily dismiss this action. See, e.g., Vartanpour v. Neven, No. 215-CV-00951-JAD-CWH, 2016 WL 589669, at *1 (D. Nev. Feb. 10, 2016). As a result, Plaintiff's request for the Court to waive the collection of the filing fee must be denied. The Court makes no finding on whether Plaintiff was provided erroneous legal advice.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request to waive the filing fee in this case is denied; and

2. The Clerk of the Court is directed to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: __October 25, 2017__        _____
                                    UNITED STATES MAGISTRATE JUDGE